*159 OPINION.
Thammell :
It was contended by the petitioner that the amounts paid as interest on the undivided profits were in fact compensation paid for services rendered and was reasonable in amount. The respondent determined that the amounts were in fact distributions of profits.
The testimony before us is very meagre. There was testimony offered to the effect that the directors intended the amounts designated as interest to be in fact compensation for services. Thip theory is entirely inconsistent with the action of the corporation as shown by the minutes of the directors’ meeting and is inconsistent with the action of the corporation as shown by its books. There is no evidence to show who the officers were who received the so-called compensation, how many officers the corporation had, the nature of the services performed, what portion of the time of the officers was devoted to the business, or other pertinent facts from which we could determine whether the amounts were compensation for services. The mere book figures alone as to gross sales, gro(ss profits and net income are not sufficient on this question. They do not, in the first place, indicate whether the amounts involved compensation at all or, if 'so, whether they were reasonable. The evidence is insufficient to overcome the presumption of the correctness of the action of *160 the respondent in disallowing the deductions claimed as being distributions of profits.
If, however, as contended by the petitioner in his brief, the amounts were actually paid as interest, they would be allowable as interest deductions. However, from the facts we can not reach the conclusion that the amounts were actually interest. There was no obligation on the part of the corporation to pay interest to stockholders upon undivided profits. Undivided profits do not belong to the stockholders until they are actually distributed in the form of dividends and we can reach no other conclusion but that the amounts were distributions of profits as determined by the respondent.

Judgment will he entered for the respondent.